```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CLARENCE TEMPLETON,

               Plaintiff,

vs.                                    Case No.  2:07-cv-543-FtM-29DNF

FNU BRAMBLETT, Lee County Jail
Officer, Individually and in his
Official Capacity, C.O. RONE, Lee
County Jail Officer, Individually
and in his Official Capacity,
COMMANDER FNU LNU, Lee County Jail
Facility Commander, Individually and
in his Official Capacity, and SHIFT
COMMANDER FNU LNU, Lee County Main
Jail Facility Shift Commander,
Individually and in his Official
Capacity, Capacity,

               Defendants.
_____

## **ORDER OF PARTIAL DISMISSAL**

     This matter comes before the Court upon review of the file and Defendants Bramblett and Rone's Answer and Affirmative Defenses to Plaintiff's Complaint (Doc. #24) filed January 16, 2008. Plaintiff, Clarence Templeton, who is proceeding *pro se* and was previously confined in the Lee County Jail,[1] initiated his action by filing a Civil Rights Complaint Form pursuant to 42 U.S.C. § 1983 ("Complaint," Doc. #1) on August 28, 2007 (Doc. #1) against the above named Defendants. Plaintiff completed service forms for Defendants Bramblett and Rone, and these Defendants waived personal

---

[1] Plaintiff is currently incarcerated at Taylor Correctional Institution.

service on November 18, 2007.  See Docs. ##17-23.  Defendants Bramblett and Rone filed an Answer and Affirmative Defenses to the Complaint on January 16, 2009 (Doc. #24).

Prior to the Court expending judicial resources and directing personal service upon the Defendants identified as the "Lee County Jail Facility Commander" and "Lee County Jail Shift Commander," (collectively the "Unknown Defendants") the Court will review the Complaint as to the Unnamed Defendants pursuant to the Prison Litigation Reform Act, to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief."  See 28 U.S.C. § 1915(A)(a), (b)(1), (b)(2).  In essence, § 1915(A) is a screening process to be applied *sua sponte* and at any time during the proceedings.  In reviewing a complaint, however, the courts must apply the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).  And, the court views all allegations as true.  Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).  A case is deemed frivolous where the complaint lacks any arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1349 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001).  Frivolous claims are those

that describe "fantastic or delusional scenarios." Bilal at 1349. The Court recognizes that generally it is preferable to serve a *pro se* complaint before dismissing it as frivolous under § 1915A(b)(1). Williams v. Sec'y for the Dep't of Corr., 131 Fed. Appx. 682, 686 (11th Cir. 2005). Nonetheless, when the Court finds from the "face of the complaint . . . that the factual allegations are clearly baseless or that the legal theories are indisputably meritless" the Court may dismiss the suit without further delay since such suits "unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense." Id. (quotations and citations omitted); Nietzke 490 U.S. at 327; Denton v. Hernandez, 504 U.S. 25, 32 (1992); Bilal, 251 F.3d at 1349. The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Section 1915(e)(2)(ii) is identical to the screening language of § 1915A. Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007)(abrogating Conley v. Gibson, 355 U.S. 41 (1957)). While a plaintiff is not required to provide detailed factual allegations, plaintiff's pleading "requires more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do. Twombly at 1964-65. Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001). As this is a § 1983 action, the initial inquiry must focus on the presence of two essential elements:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).

The only allegations in the Complaint as to the Unknown Defendants is that Plaintiff filed "two other grievances to the Lee County Jail Facility Commander and the Shift Commander." Complaint at 11. "Both of these grievances were ignored. Plaintiff never received any type of response at all." Id. To the extent Plaintiff argues that the Unnamed Defendants violated his due process rights as a result of their failure to respond to his grievances, the Court finds the Complaint fails to state a claim. The Eleventh Circuit has held that "[w]e [the Eleventh Circuit] agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." Dunn v. Martin, 178 Fed. Appx. 876 (11th Cir. 2006); accord Adams v. Rice, 40 F.3d 72,

-4-

75 (4th Cir. 1994) (stating that the Constitution creates no entitlement to voluntarily established grievance procedure), cert. denied, 514 U.S. 1022 (1995); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)(same).  "'The simple fact that state law prescribed certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension.'" Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (quoting Vruno v. Schwarzwalder, 600 F.2d 124, 130-131 (8th Cir. 1979)(quoting Slotnick v. Staviskey, 560 F.2d 31, 34 (1st Cir. 1977), cert. denied, 434 U.S. 1077 (1978)).

Accordingly, it is now

**ORDERED:**

1. The Defendants identified as the "Lee County Jail Facility Commander" and "Lee County Jail Shift Commander" are **DISMISSED** without prejudice from this action pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

2. The Clerk shall correct the caption and enter judgment accordingly as to these Defendants only.

**DONE AND ORDERED** in Fort Myers, Florida, on this __20th__ day of January, 2009.

JOHN E. STEELE
United States District Judge


SA: hmk
Copies: All Parties of Record