UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLARENCE TEMPLETON,

                Plaintiff,

vs.                             Case No. 2:07-cv-543-FtM-29DNF

FNU BRAMBLETT, Lee County Jail Officer, Individually and in his Official Capacity, C.O. RONE, Lee County Jail Officer, Individually and in his Official Capacity,

                Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court upon Defendant Rone's Motion for Judgment on the Pleadings (Doc. #29, Motion). Plaintiff filed a Response to the Motion (Doc. #32, Plaintiff's Response). This matter is now ripe for review.

**I.**

Plaintiff, who is currently incarcerated within the Florida Department of Corrections, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1, Complaint) alleging Eighth and Fourteenth Amendment violations based on events that occurred while Plaintiff was confined in the Lee County Jail. See generally Complaint. The Court previously dismissed Defendants the Lee County Jail Facility Commander and the Lee County Jail Shift Commander. See January 20, 2009 Order of Court (Doc. #25). Plaintiff's claims stem from an incident that occurred on June 26,

2006, when Plaintiff was being transferred from B-Pod to the recreation yard. Plaintiff alleges that he was "crushed" by the jail's motorized security steel doors, when Defendant Bramblett intentionally closed the doors on him, ignoring other inmates' calls and banging on the glass that Plaintiff was trapped. Complaint at 9. With respect to Defendant Rone, Plaintiff states that when he attempted to submit a "second" grievance concerning the incident, Defendant Rone "grumbled an obscenity and threw the grievance form in the trash can." Id. at 10. Plaintiff further states that he explained to Defendant Rone that he was "interfering with the Plaintiff's constitutional rights to attempt to remedy this problem (i.e. due process)." Id. In response, Rone stated that Plaintiff, as "an inmate . . . had no rights" and should "get over it." Id. Plaintiff claims that he suffered physical injury as a result of the door incident necessitating treatment by the medical department. Id. at 11. Plaintiff also claims that he is "suffering anxiety, depression, and mental anguish" caused by Lee County Sheriff staff, "in particular, the Defendants Bramblett and Rone." Id. With respect to Defendant Rone, Plaintiff seeks $10,000 in compensatory and $10,000 in punitive damages." Id. at 12.

Defendant Rone seeks judgement as a matter of law based upon the pleadings. In particular, Defendant Rone submits that his actions do not give rise to a constitutional claim because Plaintiff does not have a constitutionally protected liberty interest in the inmate grievance procedure. Motion at 2.

Plaintiff, in his Response, argues that Defendant Rone, by admitting he disposed of the grievance, is guilty of "conceal[ing] a crime" and as a "co-conspirator in this action." Response at 2.

**II.**

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Riccard v. Prudential Ins. Co. of Am., 307 F.3d 1277, 1291 (11th Cir. 2002)(quoting Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001)). The Court must accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party. Cannon, 250 F.3d at 1301; Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996). Judgment on the pleadings is appropriate only if it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations. Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002)(citing White v. Lemacks, 183 F.3d 1253, 1255 (11th Cir. 1999)). When reviewing a motion for judgment on the pleadings, the Court accepts the facts in the complaint as true and views them in the light most favorable to the nonmoving party. Ortega, 85 F.3d at 1524. If it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent

with the allegations, the court should dismiss the complaint. <u>Horsley</u>, 292 F.3d at 700 (citing <u>White v. Lemacks</u>, 183 F.3d 1253, 1255 (11th Cir. 1999)). As with a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 561-564 (2007) (citations omitted) (abrogating <u>Conley v. Gibson</u>, 355 U.S. 41 (1957) and stating that <u>Conley</u> did not set forth the minimum standard governing a complaint's survival under a motion to dismiss, rather the case "described the breadth of opportunity to prove what an adequate complaint claims"). The Court need not accept unsupported conclusions of law or of mixed law and fact in the complaint. <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)(en banc). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003).

### III.

Title 42 U.S.C. § 1983 imposes liability on any person who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, a plaintiff must allege and establish that (1) defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such

deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d at 1059; Swint v. City of Wadley, Ala., 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

At the outset, the Court notes that the Complaint does not contain any allegations that Defendant Rone conspired with Defendant Bramblett to deprive Plaintiff of any constitutional rights. In fact, the Complaint does not contain any allegations that Defendant Rone had any involvement in the door incident, which resulted in Plaintiff's injuries. Rather, Plaintiff claims that, after the door incident, Defendant Rone interfered with his "due process" rights when he threw away Plaintiff's "second" grievance complaining about Defendant Bramblett's intentional actions in closing the steel doors on him. Complaint at 10. In essence, Plaintiff faults Defendant Rone for his failure to follow the Lee County Jail's internal procedure concerning the handling of inmate grievances. The Eleventh Circuit has decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure. Dunn v. Martin, 178 Fed. Appx. 876, *2 (11th Cir. 2006). Thus, Plaintiff has no actionable constitutional cause of action against Defendant Rone based upon Defendant Rone's

failure to investigate or forward his grievance. See <u>Vinyard v. Wilson</u>, 311 F.3d 1340, 1356 (11th Cir. 2002) (finding arrestee "has no substantive right of any kind to an investigation of her excessive force complaint by the Sheriff's Office, much less one created by the Constitution," and has no "entitlement to an internal investigation by the Sheriff's Office of her complaints of police brutality."). Thus, Defendant Rone's Motion is due to be granted.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendant Rone's Motion for Judgment on the Pleadings (Doc. #29) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED**, without prejudice as to Defendant Rone.

2. The Clerk shall enter judgment accordingly, and correct the caption of this action to reflect that this case remains pending against Defendant Bramblett only.

**DONE AND ORDERED** in Fort Myers, Florida, on this __14th__ day of April, 2009.

_____
JOHN E. STEELE
United States District Judge


SA: hmk
Copies: All Parties of Record