UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLARENCE TEMPLETON,

    Plaintiff,

vs.    Case No. 2:07-cv-543-FtM-29DNF

FNU BRAMBLET, Lee County Jail Officer, Individually and in his Official Capacity,

    Defendant.

_____

**OPINION AND ORDER**

    This matter comes before the Court upon Defendant Bramblet's Motion for Summary Judgment (Doc. #35, "Motion"). Attached to the Motion is the Affidavit of Major Thomas W. Ellegood (Exh. A, "Ellegood Aff."); the Affidavit of Shawn Irving, R.N. (Exh. B, "Irving Aff."); and Affidavit of Sergeant R. Bramblet (Exh. C, "Bramblet Aff."). Defendant also filed a Supplement to the Motion (Doc. #47, Supp to Motion) to include the medical documents referenced in Irving's Affidavit. Plaintiff filed a Response to the Motion (Doc. #38, Plaintiff's Response).[1] Plaintiff did not

---

[1]The Court previously warned *pro se* Plaintiff of the provisions of Fed. R. Civ. P. 56. See Doc. #13 at 4. The Court advised Plaintiff that if a defendant files a motion for summary judgment, the party opposing the motion may not depend upon mere allegations in his pleadings to counter it. The Court further warned Plaintiff that if his response to a motion for summary judgment does not comply with Rule 56, the Court may declare the facts in the affidavits are established as true and there is no genuine issue of material fact in dispute.

attach any supporting documents to his Response, but refers the Court to exhibits attached to his Complaint. This matter is now ripe for review.

**I.**

Plaintiff, who is currently incarcerated within the Florida Department of Corrections, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1, Complaint) alleging Eighth and Fourteenth Amendment violations based on events that occurred while Plaintiff was confined in the Lee County Jail. See generally Complaint. The Court previously *sua sponte* dismissed Defendants the Lee County Jail Facility Commander and the Lee County Jail Shift Commander. See January 20, 2009 Order of Court (Doc. #25). Additionally, the Court previously granted Defendant Rone's motion for judgment on the pleading. See April 14, 2009 Order of Court (Doc. #33). Consequently, Plaintiff's Complaint remains pending only against Defendant Bramblet.

The Complaint alleges an Eighth Amendment violation against Defendant Bramblet stemming from an incident that occurred while Plaintiff was confined at the Lee County Jail. See generally Complaint. Plaintiff states that, at 8:00 a.m. on June 20, 2006, while he was exiting B-Pod to enter the sally port, Defendant Bramblett "intentionally trapped Plaintiff between the motorized security steel door and its frame." Id. at 9. Plaintiff attaches to his Complaint an exhibit marked as "Exhibit A," which is a

handwritten document bearing the caption "Sworn Affidavit." (Doc. 1-1, Exhibit A). Plaintiff explains that Exhibit A contains the names of "other Lee County inmates, who were present [and] witnessed the event." Complaint at 9. Plaintiff further states that "[t]hese inmates tried to inform Officer Bramblet that Plaintiff was trapped." Id. Plaintiff avers that Defendant "ignored" the inmates and "continued to operate the security steel door forcing it to keep shutting on Plaintiff." Id. As a result, Plaintiff claims that he was "literally crushed by the motorized security steel door" for "approximately 20 to 30 seconds." Id. Plaintiff "suffered bruises and scrapes throughout the right side of his body, in particular ongoing pain to his back." Id. He further states that he had "limited mobility for a period of a few days" and was "treated by the medical department at the Lee County Jail," who prescribed him "pain medication." Id. at 10. Plaintiff attaches a copy of his Inmate Medical Request Form to his Complaint (Doc. 1-2, "Exhibit B"). As relief, Plaintiff seeks compensatory and punitive damages. Id. at 12.

Defendant Bramblet contends that there is no genuine issues of material fact and seeks summary judgment as a matter of law. Motion at 1. Defendant submits that the act of which Plaintiff complains, the closing of a mechanical door, "is, by its nature, an accident" and not an intentional act. Id. In fact, Defendant submits that the record demonstrates that the "door in question does not close with enough force to injure someone." Id.

Additionally, Defendant submits that Plaintiff is not entitled to any relief because his injuries, "at most," constitute "a *de minimis* injury" and, thus, his claim fails to rise to a constitutional violation. Id. at 2.

## II.

"Summary judgment is appropriate when the evidence, viewed in light most favorable to the nonmoving party, presents no genuine issue of fact and compel judgment as a matter of law." Swisher International, Inc. v. Schafer, 550 F. 3d 1046, 1050 (11th Cir. 2008); Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The standard for creating a genuine dispute of fact requires courts to "make all *reasonable* inferences in favor of the party opposing summary judgment, Chapman v. Al Transp., 229 F.3d 1012, 1023 (11th Cir. 2000)(en banc) (emphasis added), not to make all *possible* inferences in the non-moving party's favor. Further, "allegations in affidavits must be based on personal knowledge, and

not be based, even in part, 'upon information and belief.'" <u>Pitman v. Tucker</u>, 213 F.3d 867, 870 (11th Cir. 2008)(quoting <u>Pace v. Capobianco</u>, 283 F.3d 1275, 1278 (11th Cir. 2002)). Rule 56(e) provides that an affidavit submitted in conjunction with a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion "bears the burden of persuasion" and must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, and "set forth specific facts showing that there is a genuine issue for trial." <u>Beard v. Banks</u>, 548 U.S. 521, 529 (2006)(citations omitted); <u>Celotex</u>, 477 U.S. at 322; <u>Hilburn v. Murata Electronics North America, Inc.</u>, 181 F.3d 1220, 1225 (11th Cir. 1999). If there is a conflict in the evidence, the non-moving party's evidence is to be believed and "all justifiable inferences" must be drawn in favor of the non-moving party. <u>Beard</u>, 548 U.S. at 529 (citations omitted); <u>Shotz v. City of Plantation, Fl.</u>, 344 F.3d 1161, 1164 (11th Cir. 2003). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling

in a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

The court "must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, [the court's] inferences must accord deference to the views of prison authorities." Beard, 548 U.S. at 530. "A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" Cuesta v. School Bd. of Miami-Dade County, 285 F.3d 962, 970 (11th Cir. 2002) (citations omitted). Nor are conclusory allegations based on subjective beliefs sufficient to create a genuine issue of material fact. Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000); see also Holifield v. Reno, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997)(stating that plaintiff's "conclusory assertions . . . in the absence of supporting evidence, are insufficient to withstand summary judgment"); Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995)(finding that inmates failure to produce "nothing, beyond his own conclusory allegations" to demonstrate defendant's actions "motivated by retaliatory animus" warrants grant of summary judgment in favor of defendant). In the summary judgment context, the Court must construe *pro se* pleadings more liberally than those of a party represented by an attorney. Loren v. Sasser, 309 F.3d 1296, 1301 (11th Cir. 2002).

**III.**

The Court has carefully reviewed all of the evidence of record in support of the Motion, as well as the documents referenced by Plaintiff in his Response. Viewing the facts in the light most favorable to Plaintiff, the evidence establishes the following material facts:

On June 20, 2006, Defendant Bramblet was assigned as the jail recreation officer at the Lee County Jail. Bramblet Aff. at 1. Bramblet went to "pick up all eligible inmates to go to recreation." Id. Bramblet opened "the inner vestibule door of 2B block" to permit the gathered inmates to enter the vestibule and began to close the steel door. Id. While the steel door was closing, but before it closed completely, Plaintiff, with "his reds half on," attempted to enter through the closing door and became "caught" between the door and the door frame. Id. When Defendant Bramblet saw through the vestibule window that Plaintiff was "caught" between the door and the frame" and was "attempting to push the door back open," he opened the steel door and Plaintiff was able to enter the vestibule with the other inmates. Id. Plaintiff did not immediately complain about being injured, but instead "was active on the recreation yard." Bramblet Aff. at 1.

Sometime later that day, Plaintiff completed a medical request slip stating that his "low back was wrenched today when Officer Bramblet closed the main steel door on me." Irving Aff. at 1, ¶3; Complaint, Exhibit B. The next day, a licensed practical nurse in

the jail's medical department examined Plaintiff and found his back to be "tender to touch." Irving Aff. at 1, ¶3. No other physical findings were noted. Id. Plaintiff was prescribed 400 mg of Motrin twice a day for three days. Id. Plaintiff did not seek any further medical treatment for his back or any other injuries related to the June 20, 2006 incident while he remained in the Lee County Jail.[2]

An examination of the door in question revealed that "the door could be stopped simply by pushing on it in the opposite direction as it closed." Ellegood Aff. at 1, ¶3. In fact, if one does not push against the door and permits the door to close on his person, the person's body will "stop the door completely" and, although causing "some pressure" upon the body, the door does not cause any "injury or discomfort" to the person. Id. at ¶4.

**IV.**

Under the Eighth Amendment, it is the "unnecessary and wanton infliction of pain" caused by force used "maliciously and sadistically" for the very purpose of causing harm that constitutes cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312, 322 (1986). Thus, to establish an Eighth Amendment claim for excessive use of force, a plaintiff must show that: (1) the force was "sadistically and maliciously applied for the very purpose of

---

[2]According to the Florida Department of Corrections' Inmate Information Detail contained on the Department's website, Plaintiff was placed into the Department's custody on January 25, 2007. See http://www.dc.state.fl.us/ActiveInmates/detail.

causing harm;" and (2) more than a *de minimus* injury resulted. Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002). Whether the prison guard's force was applied maliciously or sadistically for the very purpose of causing harm is a subjective test. Id. Courts consider the following factors in evaluating whether the force complained of was applied maliciously and sadistically: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999) (quotations and citations omitted). The extent of injury suffered by an inmate is also a factor that may suggest whether the force was applied maliciously and was unjustified. Hudson v. McMillian, 503 U.S. 1, 7 (1992); see also Gold v. City of Miami, 121 F.3d 1442, 1446 (11th Cir. 1997) (stating "[t]he minor nature of [an] injury [can] reflect [ ] that minimal force was used . . . " in a Fourth Amendment context).

The "meaning of the phrase 'greater than *de minimis*,' . . . is far from clear." Chatham v. Adcock, 334 Fed. Appx. 281, 284 (11th Cir. 2009). At a minimum, "greater than *de minimis*" requires an objective finding by the court that the inmate suffered a "sufficiently serious" injury. Boxer v. Harris, 437 F.3d 1107,

1111 (11th Cir. 2006). Courts, construing the phrase as it appears in the context of § 1997e(e), have held the following constitute "*de minimis*" injuries: "mere bruising from the application of restraints," Dixon v. Toole, 225 Fed. Appx. 797, 799 (11th Cir. 2007); "diarrhea, vomiting, cramps, nausea, and headaches from eating spoiled food," Watkins v. Trinity Serv. Group, Inc., Case No. 8:05-cv-1142, 2006 WL 3408176 *4 (M.D. Fla. Nov. 27, 2006); "vague injuries to his back, the scrapes and marks on his knees and legs" due to unspecified abuse, Mann v. McNeil, 2010 WL 26222 (11th Cir. 2010). Similarly, in the Fourth Amendment context, "minor bruising" to forehead chest, and wrists received during an arrest, was held to establish only a *de minimis* injury precluding the finding of a constitutional violation. Nolin v. Isbell, 207 F.3d 1253, 1258 n. 4 (11th Cir. 2000). See also McCall v. Crosthwait, 336 Fed. Appx. 871, 873 (11th Cir. 2009)(finding only *de minimis* injury when officer pushed arrestee into jail's elevator causing arrestee to hit door jam and plexiglass window causing pain in shoulder and forearm, bruising requiring only prescription for ibuprofen).

Based upon the facts, the Court finds that Defendant Bramblet did not intentionally, yet alone, maliciously or sadistically, close the door on Plaintiff. First, it is clear that Plaintiff got himself caught between the door trying to enter through the door as it was closing. Plaintiff does not allege that Defendant Bramblet

waited for him to pass through the door so he could intentionally shut the door on him. Indeed, the fact that Plaintiff became temporarily trapped by the door was an accident caused by Plaintiff's own actions.

Second, other than his own conclusory allegations, Plaintiff presents no direct or circumstantial evidence that Defendant Bramblet acted with malice in failing to immediately open the door, once Defendant learned that Plaintiff was trapped by the door.[3] Plaintiff states that he was trapped for only approximately twenty seconds, and admits that the other inmates had to alert Defendant to the fact that Plaintiff was trapped in the door, implying that Defendant was not even aware that Plaintiff had become trapped. See Complaint at 9. Defendant acknowledges that once he saw Plaintiff through the vestibule window he opened the door, and Plaintiff entered the vestibule and proceeded to recreation without further complaint. The fact that Plaintiff was immediately able to participate fully in recreation evidences that the force applied to Plaintiff was minimal, and not applied maliciously. See Gold v. City of Miami, 121 F.3d at 1446. This finding is consistent with the fact that Captain Ellegood felt only "pressure" but was not

---

[3]Although Plaintiff refers the Court to Exhibit A attached to his Complaint, which is entitled "Sworn Affidavit," the Court does not construe the document as a proper affidavit pursuant to Fed. R. Civ. P. 56(e). In particular, Exhibit A was not sworn to before an authorized officer or verified "under penalty of perjury" by the signatories. Further it contains only inadmissible conclusory allegations as to Defendant's subjective intent and does not provide any supporting facts.

injured when he personally inspected the door in question and had attempted to have the door shut on himself. Ellegood Aff.

Moreover, Plaintiff's allegations that he suffered "excruciating pain" and was "literally crushed by the motorized steel door" is belied by the record. To the contrary, Plaintiff's injuries were *de minimis* at most. Plaintiff did not immediately request or require any medical attention after being released from the door. Instead, Plaintiff was able to fully participate in recreation immediately after the incident. He did not declare a medical emergency, but completed an "Inmate Medical Request Form" complaining that after taking "a hot shower" he was "very stiff and sore" for which he was prescribed only Motrin. Supp. to Motion at 16. Moreover, despite Plaintiff's claim that he continues to experience "ongoing pain" and "numbness and loss of feeling on the right side of his body" from the incident, see Complaint at 9-11, Plaintiff does not submit any medical evidence that he sought further medical treatment for the alleged continuing injuries, either while he was in the Lee County Jail or since his transfer into the Department's custody.

Based upon the foregoing, the Court finds that Plaintiff has failed to show any constitutional violation. Accordingly, Defendant Bramblet is entitled to summary judgment.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendant Bramblet's Motion for Summary Judgment (Doc. #35) is **GRANTED**.

2. Defendant's Motion to Dismiss for Lack of Prosecution (Doc. #46) is **DENIED as moot**.

3. The **Clerk** shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __18th__ day of February, 2010.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record